**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-07-159-M |
| ) | |
| CLAY L. [VAN] McHONE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Clay Van McHone appeals the judgment of conviction and sentence imposed by United States Magistrate Judge Shon T. Erwin in a misdemeanor case. Defendant's appeal is brought under Rule 58(g) of the Federal Rules of Criminal Procedure. This Court has jurisdiction of defendant's appeal pursuant to 18 U.S.C. § 3742(g).

I.  Background

On August 2, 2006, a two count Information was filed charging defendant with being present as a spectator at a place where a cock fight was occurring in violation of 18 U.S.C. §§ 13, 1151, 1152 (Count One) and for knowingly transporting animals for a fighting venture in violation of 7 U.S.C. § 2156(a),(b) (Count Two).[1] On August 23, 2006, defendant was arraigned, at which time defendant entered a plea of not guilty, consented to trial before a magistrate judge, and demanded a jury trial.

On December 5, 2006, defendant filed a *pro se* Motion to Dismiss for Lack of Jurisdiction, along with a number of other motions. On December 12, 2006, the government responded. A

---

[1] There were approximately seventy-five (75) other individuals who were arrested at the same time and location as defendant and had similar charges.

pretrial hearing was held on January 8, 2007, and at said hearing, the Magistrate Judge denied defendant's motion to dismiss.

On January 23, 2007, the jury trial commenced for the consolidated cases of defendant and three other defendants. The trial concluded on January 25, 2007, with the jury finding defendant guilty on Count One; however, the jury was hopelessly deadlocked on Count Two, and a mistrial was declared. The Magistrate Judge ordered a presentence investigation, and the sentencing hearing was set for June 20, 2007. At the sentencing hearing, the Magistrate Judge sentenced defendant to a term of probation for three years, a fine of $2,975.00, and a $25.00 special assessment. Counsel for defendant timely filed a notice of appeal on July 5, 2007.

II.     Discussion

In reviewing a sentence imposed by a United States Magistrate Judge, a district court functions as an appellate court:

> Post-conviction review of a magistrate judge's judgment is governed by same standards as appeal from judgment of a federal district court to the court of appeals. [The Court] review[s] the Magistrate Judge's conclusions of law *de novo*, applying the same standard used by the Magistrate Judge in making his initial ruling. [The Court] review[s] the Magistrate Judge's fact findings for clear error. A finding of fact is "clearly erroneous" if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made.

*United States v. Ellison*, 112 F. Supp. 2d 1234, 1236 (D. Colo. 2000) (internal quotations and citations omitted).

In his appeal, defendant contends that the court never had jurisdiction over his case and that the Magistrate Judge erred in imposing a fine of $2,975.00.

A. <u>Jurisdiction</u>[2]

In 1817, the United States Congress passed the Indian Country Crimes Act ("ICCA"), which made federal laws, known as enclave laws, applicable to crimes committed in areas "within the sole and exclusive jurisdiction of the United States," including Indian Country.[3] The ICCA provides:

> Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.
> This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

18 U.S.C. § 1152.[4] Additionally, the Assimilative Crimes Act ("ACA") provides, in pertinent part:

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any States, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13(a).

---

[2] There is some question whether defendant properly preserved this argument for purposes of appeal. Because this Court finds the Magistrate Court had jurisdiction over defendant's case, the Court declines to address whether defendant properly preserved this argument.

[3] The parties do not dispute that the instant offense was committed in Indian Country.

[4] Because defendant in this case is not an Indian, the Court finds the second paragraph of the ICCA is not applicable.

The Tenth Circuit has recognized:

> The purpose of the Assimilative Crimes Act is to provide a method of punishing a crime committed on government reservations in the way and to the extent that it would have been punishable if committed within the surrounding jurisdiction. *United States v. Dunn*, 545 F.2d 1281, 1282 (10th Cir. 1976). The Act fills in gaps in federal criminal law by providing a set of criminal laws for federal enclaves. *United States v. Mayberry*, 774 F.2d 1018, 1020 (10th Cir. 1985), *quoting United States v. Prejean*, 494 F.2d 495, 496 (5th Cir. 1974). The reason for adopting local laws is not that Congress passed on their merits after examining each individually, but that as a practical matter, Congress had to proceed on a wholesale basis to establish criminal laws for federal enclaves. *United States v. Sharpnack*, 355 U.S. 286, 293, 78 S. Ct. 291, 295, 2 L.Ed.2d 282 (1958).

*United States v. Sain*, 795 F.2d 888, 890 (10th Cir. 1986).

Because defendant is not an Indian, the Court, based upon the clear language of the ICCA and the ACA, finds that the court had jurisdiction in this case. Specifically, the Court finds that the ACA and ICCA allow federal enforcement of the Oklahoma criminal law against being present as a spectator at a place where a cock fight was occurring, Okla. Stat. tit. 21, § 1692.6. *See Ross v. Neff*, 905 F.2d 1349, 1353 (10th Cir. 1990) ("There is no question but that 18 U.S.C. § 13 would allow *federal* enforcement of the local ordinance against public intoxication involved in this case.") (emphasis in original). Further, the Court finds that assimilating the said Oklahoma law would not be inconsistent with federal policies. There are no treaty provisions protecting cockfighting, nor has the prohibition of and punishment for cockfighting been traditionally within the exclusive jurisdiction of the tribe.

Accordingly, the Court finds defendant's conviction should not be reversed on this basis.

B.   Sentencing

Title 18 United States Code Section 3551(a) provides:

> Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute, including sections 13 and 1153 of this title, other than an Act of Congress applicable exclusively in the District of Columbia or the Uniform Code of Military Justice, shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case.

18 U.S.C. § 3551(a). Based upon this section, the Tenth Circuit has held that the United States Sentencing Guidelines apply to cases brought under the ACA; however, the Tenth Circuit has held that "the sentence imposed may not exceed any maximum sentence and may not fall below any mandatory minimum sentence that is required under the law of the state in which the crimes occur." *United States v. Garcia*, 893 F.2d 250, 251-52 (10th Cir. 1989). *See also United States v. Wood*, 386 F.3d 961 (10th Cir. 2004); *United States v. Nelson*, No. 98-2102, 1998 WL 658393 (10th Cir. Sept. 15, 1998).

Under Oklahoma law,

> Every person who upon conviction is guilty of any of the provisions of Section 6 of this act[5] shall be punished by imprisonment in the county jail for not more than one (1) year, or shall be fined not more than Five Hundred Dollars ($500.00), or by both such fine and imprisonment.

---

[5]Section 6 provides:
   Every person who is knowingly present as a spectator at any place, building, or other site where preparations are being made for a cockfight with the intent to be present at such preparation or cockfight, or is knowingly present at such cockfight, upon conviction shall be guilty of a misdemeanor.
Okla. Stat. tit. 21, § 1692.6.

5

Okla. Stat. tit. 21, § 1692.8.

Accordingly, the Court finds that the maximum fine which could be imposed in this case is $500.00. The Court, therefore, finds that the Magistrate Judge erred in imposing a $2,975.00 fine in this case and that defendant's sentence must be vacated and that this case should be remanded for re-sentencing.

III.     Conclusion

For the reasons set forth above, the Court AFFIRMS defendant's conviction but VACATES defendant's sentence and REMANDS this case to the magistrate court with directions to re-sentence defendant in accordance with this Order.

**IT IS SO ORDERED this 27th day of February, 2009.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE